Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HIGHTIMES HOLDING CORP., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Dennis Morris ("Morris"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4. Plaintiff Morris is an individual residing in London, England.

5. Morris is informed, believes, and thereon alleges that Defendant Hightimes Holding Corp. ("Hightimes") is a Delaware corporation and is principally located at 2990 Martin Luther King Blvd, Lynnwood, CA 90262.

6. On information and belief, Morris alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Hightimes, "Defendants") are other parties not yet identified who have infringed Morris' copyrights, have contributed to the infringement of Morris' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Morris, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Morris alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting

within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Morris' rights and the damages to Morris proximately caused thereby.

## CLAIMS RELATED TO MORRIS' PHOTOGRAPHYY

8. Morris is an acclaimed photographer who created and owns the original photography depicted in **Exhibit A** attached hereto ("Subject Photography.")

9. Morris has registered the Subject Photography and was granted a U.S. copyright registration for the work.

10. Prior to the acts complained of herein, Morris published and widely publicly displayed and disseminated the Subject Photography.

11. Following Morris' dissemination and display of the Subject Photography, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photography without license, authorization, or consent, including by using the Subject Photography in articles on their website ("Infringing Use") which was created, published, and distributed by Hightimes. The Infringing Use was made widely and publicly available at *https://hightimes.com/*, which is owned and operated by Hightimes. True and correct screen captures of the Infringing Use, and its accompanying URL, are included in **Exhibit B** attached hereto.

12. On information and belief, it is alleged that Hightimes made an unauthorized copy of the Subject Photography and uploaded it to their website and articles without proper credits or permissions.

13. Morris has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photography.

14. On June 9, 2021, Morris, through his undersigned attorneys, served Defendants a letter demanding that Defendants cease and desist all infringing uses of Morris' copyrighted work and reasonably resolve the action. Defendants did not respond to the Demand letter and continue to display the Subject Photography. Given this position Morris was forced to file this action.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

15. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. On information and belief, Morris alleges that Defendants, and each of them, had access to the Subject Photography, including, without limitation, through (a) viewing the Subject Photography on Morris' website, (b) viewing Subject Photography online, and (c) viewing Subject Photography through a third party. Access is further evidenced by the Subject Photography's exact reproduction in the Infringing Use.

17. On information and belief, Morris alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography, including without limitation as seen in **Exhibit B** attached hereto.

18. On information and belief, Morris alleges that Defendants, and each of them, infringed Morris's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

19. Due to Defendants', and each of their, acts of infringement, Morris has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Morris'

rights in the Subject Photography. As such, Morris is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Morris' rights in the Subject Photography in an amount to be established at trial.

21. On information and belief, Morris alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

22. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. On information and belief, Morris alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

24. On information and belief, Morris alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Morris has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Morris' rights in the Subject Photography. As such, Morris is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Morris's rights in the Subject Photography, in an amount to be established at trial.

27. On information and belief, Morris alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

28. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. The Subject Photography was routinely published without attribution, credit, and other copyright management information identifying Morris as the author.

30. Upon information and belief, Morris alleges that Defendants, and each of them, removed Morris' copyright management information, from the Subject Photography, and/or added false copyright management information to the Subject Photography on the Infringing Use.

31. Upon information and belief, Morris alleges that Defendants, and each of them, distributed and published the Subject Photography on its website, including,

but not limited to, those sites reflected in **Exhibit B** hereto, having removed Morris' attribution information, including without limitation his name and/or metadata.

32. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

33. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Morris' copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Morris be awarded all profits of Defendants, and each of them, plus all losses of Morris, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, §1203 and other applicable law.

///

///

    c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Morris's intellectual property rights;

    d. That Morris be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505, §1203 et seq.;

    e. That Morris be awarded his costs and fees under the above statutes;

    f. That Morris be awarded statutory and enhanced damages under the statutes set forth above;

    g. That Morris be awarded pre-judgment interest as allowed by law;

    h. That Morris be awarded the costs of this action; and

    i. That Morris be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 22, 2023    DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
    Scott Alan Burroughs, Esq.
    Frank R. Trechsel, Esq.
    *Attorneys for Plaintiff*